UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRESSIE A. PIPER,

                                  Plaintiff,

                                                                       Case # 18-CV-1311-FPG

v.

                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

Plaintiff Tressie A. Piper brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 15. For the reasons that follow, the Commissioner's motion is DENIED, Piper's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

In March 2015, Piper applied for SSI under Title XVI of the Act with the Social Security Administration (the "SSA"). Tr.[1] 15, 157. She alleged disability due to fibromyalgia, chronic pain, migraines, anxiety, depression, and anemia. Tr. 15, 171. In July 2017, Piper and a vocational expert appeared at a hearing before Administrative Law Judge Stephen Cordovani ("the ALJ"). Tr. 15, 23. On October 2, 2017, the ALJ issued a decision finding that Piper was not disabled. Tr. 15–23.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

On September 20, 2018, the Appeals Council denied Piper's request for review. Tr. 1–3. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not the Court's "function to determine *de novo* whether [claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 416.920(a). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(a)(4)(ii), (c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(a)(4)(iii). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations caused by his or her collective impairments. *See id.* § 416.920(a)(4)(iv), (e)–(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits claimant to perform the requirements of his or her past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(a)(4)(v), (g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Piper's claim for benefits using the process described above. At step one, the ALJ found that Piper had not engaged in any substantial gainful activity since her application date. Tr. 17. At step two, the ALJ found that Piper had four severe impairments:

migraines, chronic pain syndrome, asthma, and obesity. *Id.* At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 19.

Next, the ALJ determined that Piper had the RFC to perform sedentary work with additional, specific limitations. Tr. 19–21. Specifically, the ALJ found that Piper could: occasionally climb ramps and stairs; and alternate sitting and standing at will. *Id.* at 19. The ALJ further found that Piper could not: climb ladders, ropes, or scaffolds; or be exposed to extreme heat, extreme cold, wetness, or humidity. *Id.* Finally, the ALJ found that Piper "should avoid:" work around loud noise, unprotected heights, and dangerous, moving mechanical parts; and concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other respiratory irritants. *Id.* At steps four and five, the ALJ found that Piper could not perform her past relevant work but that there were jobs that existed in significant numbers in the national economy that she could perform. Tr. 21–23. The ALJ therefore found that Piper had not been disabled from March 13, 2015 through the date of his decision. Tr. 23.

## II. Analysis

Piper argues that the ALJ's RFC determination with respect to her physical impairments was not supported by a competent medical opinion. ECF No. 13-1 at 20–24.[2] The Court agrees.

An RFC determination does not have to "perfectly correspond" with the medical source opinions cited in the ALJ's decision; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). But "[a]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of

---

[2] Piper also argues for reversal of the Commissioner's decision based on the Commissioner's alleged error in finding that Ms. Piper's fibromyalgia was not a severe impairment. ECF No. 13-1 at 24–29. The Court declines to address that argument because remand is appropriate based on the ALJ's failure to ground his RFC assessment with competent medical opinion.

RFC without a medical advisor's assessment is not supported by substantial evidence." *Wilson v. Colvin*, No. 13-CV-6286, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015). In other words, an ALJ's ability to make inferences about the functional limitations caused by an impairment does not extend beyond that of an ordinary layperson. *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391, 2020 WL 95421, at *3 (W.D.N.Y. Jan. 8, 2020) ("While an ALJ may render common sense judgment[s] about functional capacity, she must avoid the temptation to play doctor." (alteration in original) (internal quotation marks omitted)).

Here, the ALJ found that Piper had medically determinable impairments consisting of migraines, chronic pain syndrome, asthma, and obesity and that these "impairments significantly limit [her] ability to perform basic work activities." Tr. 17. In his RFC analysis, the ALJ found that, despite these impairments, Piper was capable of performing sedentary work with additional, highly specific restrictions, but the ALJ offers scant explanation as to how he formulated these limitations. Tr. 19–21.

The ALJ did claim to give "some" weight to the opinion of Donna Miller, D.O. Tr. 20–21, 443–47. Dr. Miller diagnosed Piper with fibromyalgia, migraine headaches, low iron deficiency anemia, status post gastric bypass, and asthma but only found that she "should avoid dust, irritants, and tobacco smoke." Tr. 446. The ALJ found that her opinion was "consistent with the record as far as the findings related to asthma;" however, the ALJ rejected Dr. Miller's conclusions regarding Piper's other impairments, finding that "[t]he remainder of the medical record . . . documents more extensive physical complaints than noted by Dr. Miller and thus supports greater physical limitations." Tr. 21. Despite claiming to give "some" weight to Dr. Miller's conclusions, the ALJ is clear that he rejects her conclusions regarding the limitations caused by Piper's migraines, chronic pain syndrome, and obesity. *See York v. Comm'r of Soc. Sec.*,

357 F. Supp. 3d 259, 261–62 (W.D.N.Y. 2019) (holding that, although ALJ gave "partial" weight to "the only medical opinion evidence of record," the ALJ's rejection of the opinion in relevant part meant that the ALJ's RFC assessment was "not supported by substantial evidence"); *see also Garrett v. Comm'r of Soc. Sec.*, No. 17-CV-1009, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019) ("By not assigning significant weight to any opinions and, instead, assigning them only limited weight, the ALJ created an evidentiary gap in the record requiring remand.").

Despite concluding that Piper suffers from migraines, chronic pain syndrome, and obesity, the ALJ fails to explain how his RFC findings account for these conditions.[3] Tr. 19–21. Instead, the ALJ's discussion of Piper's RFC consists entirely of rote regurgitation of some of the relevant evidence followed by the conclusory statement that the RFC "assessment is supported by the objective medical evidence, [Piper]'s treatment history, [Piper]'s admitted activities, and the credible opinion evidence." *Id.* The dearth of analysis frustrates any meaningful review of that conclusion. *See, e.g.*, *Paul v. Colvin*, No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016) ("[T]he ALJ must simply explain the link between his RFC assessment and the record evidence supporting that assessment."); *compare Doney v. Astrue*, 485 F. App'x 163, 165 (9th Cir. 2012) (noting that an ALJ may make reasonable inferences from a claimant's reports of daily activities), *with Agostino*, 2020 WL 95421, at *3 ("It is simply not a common-sense inference that [the claimant's] lumbar and knee problems, in conjunction with her obesity, would render her able to stand for 45 minutes at a time so long as she could sit for one to two minutes. That is a more complex medical determination that requires a level of expertise that the ALJ does not have.").

The Commissioner argues that the ALJ was entitled to weigh all of the evidence in the record to make his RFC finding. ECF No. 15-1 at 6–9. Even the Commissioner, however, does not

---

[3] The ALJ also found that Piper suffers from asthma, but his RFC determination with respect to Piper's asthma is grounded in Dr. Miller's opinion. Tr. 21.

attempt to explain how the ALJ formulated Piper's highly specific RFC but instead cites the ALJ's boilerplate statements regarding his conclusion. *Id.* While the ALJ is certainly permitted to resolve evidentiary conflicts, *see Richardson v. Perales*, 402 U.S. 389, 399 (1971), the ALJ is prohibited from rejecting all opinion evidence and "playing doctor." *Johnson v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 286, 292 (W.D.N.Y. 2018) (internal quotation marks omitted).

Absent other medical evidence of a claimant's functional limitations, an ALJ's rejection of all medical opinions in the record creates "an evidentiary gap in the record requiring remand." *Zayas v. Colvin*, No. 15-CV-6312, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016); *see also Defrancesco v. Berryhill*, No. 16-CV-6575, 2017 WL 4769004, at *4 (W.D.N.Y. Oct. 23, 2017) (holding that ALJ giving "little weight" to "the only physical medical opinion in the record created an evidentiary gap that require[d] remand"). Here, the ALJ rejected all relevant medical opinions and created such an evidentiary gap.

The Court acknowledges that in some circumstances it is appropriate for an ALJ to make an RFC finding without relying on a medical opinion, particularly where the record contains sufficient evidence from which the ALJ could assess a claimant's RFC. *See, e.g.*, *Pellam v. Astrue*, 508 F. App'x 87, 90–91 (2d Cir. 2013) (summary order) (upholding an ALJ's RFC determination where the ALJ "rejected" consultative examiner's opinion but the "opinion largely supported the ALJ's assessment of" claimant's RFC and the RFC was supported by the treatment notes of claimant's doctors). Here, however, the ALJ fails to square his highly specific RFC determination with the record evidence and Piper's medically determinable conditions of migraines, chronic pain syndrome, and obesity. Absent such analysis, "the Court does not have an adequate basis for

judicial review."[4] *Drabczyk v. Comm'r of Soc. Sec.*, No. 18-CV-355, 2020 WL 4390701, at *5 (W.D.N.Y. July 31, 2020).

The Commissioner claims that Piper cannot complain that the ALJ assessed a more restrictive RFC than was supported by the opinion evidence of record. ECF No. 15-1 at 9; *see Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (declining to remand where an ALJ made an RFC determination that may have been more restrictive than necessary). The ALJ's error, however, does not result from imposing a more restrictive RFC than necessary, but rather, the error stems from failing to ground his analysis in the record evidence. The Court must evaluate the ALJ's RFC determination in light of his conclusion that Piper suffered from the medically determinable impairments of migraines, chronic pain syndrome, and obesity. "[G]iven the lack of any competent medical opinion, the Court, like the ALJ, is not in a position to assess the extent of functional limitation posed by [these] impairments." *Agostino*, 2020 WL 95421, at *4.

In short, in formulating Piper's RFC, the ALJ failed to rely on any medical opinion that could bridge the gap between clinical findings and specific functional limitations. It is clearly established that "the ALJ may not interpret raw medical data in functional terms." *Johnson*, 351

---

[4] The Commissioner argues that the ALJ was not obligated to supplement the record by contacting a treating physician or seeking another medical opinion or consultative exam. ECF No. 15-1 at 9–11. While it was within the ALJ's discretion to determine how to resolve the evidentiary gap in the record, it was incumbent upon the ALJ to resolve that gap. In the cases cited by the Commissioner, the ALJs properly relied on medical assessments to determine the claimants' RFCs and accordingly there were no evidentiary gaps for the ALJs to resolve. *Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013) (holding that, in determining that claimant's condition had improved, the ALJ's conclusion was supported by conclusions of consultative examiner); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33–34 (2d Cir. 2013) (summary order) (holding that remand was not required where record did "not contain formal opinions on [claimant]'s RFC from her treating physicians, [but] d[id] include an assessment of [claimant]'s limitations from a treating physician"); *Bliss v. Comm'r of Soc. Sec.*, 406 F. App'x 541, 542 (2d Cir. 2011) (summary order) (holding that remand was not required where ALJ discussed conflicting "medical opinions" and associated evidence).

F. Supp. 3d at 293 (internal quotation marks omitted). That is what the ALJ did here. Accordingly, remand is warranted for further development of the record.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings, ECF No. 15, is DENIED and Piper's Motion for Judgment on the Pleadings, ECF No. 13, is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 4, 2020
      Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                                      Chief Judge
                                                United States District Court